<u>**NOT DESIGNATED FOR PUBLICATION**</u>

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2022 CA 0889**

KEATON WILSON

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: __MAR 0 6 2023__

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 705763
Honorable Trudy M. White, Judge Presiding

* * * * * *

| | |
|---|---|
| Keaton Wilson<br>In Proper Person<br>Angie, Louisiana | Plaintiff/Appellant<br>Keaton Wilson |
| Debra A. Rutledge<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public Safety<br>and Corrections |

* * * * * *

**BEFORE: McCLENDON, HOLDRIDGE, AND GREENE, JJ.**

**McCLENDON, J.**

The plaintiff appeals a judgment of the district court that dismissed his petition for judicial review with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 24, 2020, Keaton Wilson, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the Department), was charged with having violated disciplinary rules regarding defiance and aggravated disobedience following an incident at Rayburn Correctional Center in Angie, Louisiana. Following a hearing, the Disciplinary Board determined that Mr. Wilson was guilty of the rule violations and sentenced him to the forfeiture of ninety days of good time. The Board also ordered Mr. Wilson to pay restitution in the amount of $8.00.

Mr. Wilson appealed the decision of the Disciplinary Board to the Warden, who responded, in pertinent part:

> A review of the video for this incident was reviewed with inconclusive results. At the time of the incident that occurred on the breezeway, you were directly behind a column that blocked the view of the camera. With no video proof of your claims, credibility to the officer has to be considered. Other officers who were present during this incident also filed an Unusual Occurrence Report stating upon their arrival they witnessed you resisting the officer. ... Your appeal in this matter is denied.

Mr. Wilson sought further administrative review and appealed to the Secretary of the Department in accordance with the Disciplinary Rules and Procedures for Adult Inmates. The Secretary denied the appeal and affirmed the Warden's decision, stating:

> We have considered [Mr. Wilson's] argument and the decision rendered by the Warden. After review, we find the disciplinary report to be clear, concise, and to present convincing evidence of the violations as reported. The officer's eyewitness account of the incident provides sufficient evidence of the finding of guilt. Not only did the offender curse the reporting officer, but he did it in an intimidating manner. The offender's claims on appeal have no merit. The offender's actions of refusing to follow the direct verbal orders given by the reporting officer obscured the officer from performing his assigned duties. The offender's actions constitute said rule violations. The offender received allowable sanctions that follow the Department of Correction's guidelines for Adult [Offenders]. The offender was provided with a full hearing and was afforded due process in both the hearing and the sentencing phases of the proceeding. For the foregoing reasons, we agree with the decision of the Disciplinary Board and the Warden.

On March 16, 2021, Mr. Wilson filed a Petition for Judicial Review in the district court, asserting that the defendant officers deviated from proper procedure during the

2

incident, used excessive force against him, and denied him prompt and proper medical care.[1] Mr. Wilson sought restoration of the ninety days of good time.

In his petition, Mr. Wilson referenced Administrative Remedy Procedure (ARP) Numbers RCC-2020-768 and RCC-2020-319. As a result, the district court, through the commissioner, issued a Multiple Claims Order requiring Mr. Wilson to notify the court which single administrative record in his petition was sought to be reviewed and to provide to the court a copy of the final agency decision issued in that record. In response, Mr. Wilson filed the Disciplinary Board Appeal response of the Secretary of the Department with regard to ARP Number RCC-2020-320.

On August 27, 2021, the Secretary of the Department answered the petition generally denying the allegations of Mr. Wilson. Additionally, the Secretary specifically denied Mr. Wilson's allegation that excessive force was used by the officers of the Department and stated that only the amount of force necessary to bring the situation under control was used. However, when the Secretary filed its answer, he attached a true copy of the administrative record in ARP Number RCC-2020-768, rather than ARP Number RCC-2020-320, although both ARP numbers involved the September 24, 2020 incident. As a result, on September 20, 2021, the commissioner issued a Stay Order and Remand, staying the appeal for thirty days and directing the Department to amend its answer to include the administrative record for RCC-2020-320. On November 5, 2021, the Secretary of the Department filed a Motion and Order to Supplement the Record to include a true copy of the Disciplinary Board Appeal numbered RCC-2020-320, which was granted on November 12, 2021.

On March 17, 2022, the commissioner issued her report. Therein, she referred to the decisions of the Warden and the Disciplinary Board and found that, based on the evidence in the record, Mr. Wilson failed to allege specific facts to show that his disciplinary sentence was arbitrary, capricious, or in violation of his rights. The commissioner also determined that the penalty that Mr. Wilson received was a valid

---

[1] Pursuant to the screening requirements set forth in LSA-R.S. 15:1178, the matter was submitted to a commissioner for judicial screening prior to service on the named defendants. The commissioner found that Mr. Wilson's claim was subject to judicial appellate review and ordered service of the petition on the Secretary of the Department.

3

authorized penalty for a Schedule B Rule violation under the Department's Rules and Procedures. Therefore, the commissioner found that the Department's decision was not arbitrary, capricious or in violation of Mr. Wilson's rights and recommended that the district court should affirm the Department's decision and dismiss the appeal with prejudice at Mr. Wilson's costs. On May 10, 2022, the district court signed a judgment, adopting, as reasons, the commissioner's report, affirming the decision of the Department, and dismissing with prejudice Mr. Wilson's petition for judicial review of ARP Number RCC-2020-320 at his costs. Mr. Wilson appealed the district court's judgment.

## DISCUSSION

An offender aggrieved by an adverse decision of the Department rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th Judicial District Court. See LSA-R.S. 15:1177(A). On review of the Department's decision, the district court functions as an appellate court. **Williams v. Louisiana Department of Public Safety and Corrections**, 2018-0268 (La.App. 1 Cir. 9/21/18), 257 So.3d 690, 692. The district court's review shall be confined to the record and shall be limited to the issues presented in the petition for review and the ARP request filed at the agency level. LSA-R.S. 15:1177(A)(5).

Further, on review of the district court's judgment in a suit for judicial review under LSA-R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions. **Williams**, 257 So.3d at 692-93. A reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious, or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); **Williams**, 257 So.3d at 692.

As recognized by the commissioner in her report, the scope of the district court's review was limited by LSA-R.S. 15:1177(A)(5) and (9). After a thorough review of the

4

record, we find that the district court did not err in concluding that the administrative decisions and findings were not arbitrary, capricious, or characterized by an abuse of discretion. Accordingly, because Mr. Wilson's substantial rights were not prejudiced, we find no error by the district court in upholding the decision of the Department and dismissing with prejudice Mr. Wilson's petition for judicial review of ARP Number RCC-2020-320.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to Keaton Wilson.

**AFFIRMED.**